*474 OPINION of the Court, by:
Judge CIark
This was a suit in chancery, brought by Lewis Craig, against Bibb, administrator of John Crittenden, George Brook and John Kercheval. In his bill he alleges that ¡,'!mSelf and John Hawkins Craig purchased of Critten-den 500 acres of land, taking on themselves the risqu* of title as to interfering claims. That they paid £. 10© an(j gave two bonds of £. 200 each that one of these bonds was assigned to George Brook, who thereon prosecuted a suit and obtained a judgment. That Brook gave art order in favor of James Ware, for £. 96, part of said judgment, with interest thereon from March 1803. That Kercheval having possessed himself of *475 «aid order gave it up to the conjplatnant, in consideration of his procuring $377, the amount of principal and interest of said order, to be assigned to him by Samuel Throckmorton, out of a judgment Throckmorton had in the name of John L. tylarún against Bennett Pemberton. That Crittenden represented the entry of the 600 acres, as good and valid, and correctly surveyed, and that the beginning could be established, particularly by George R. Clark. The bill prays for an injunction as to the order given Kercheval, and that the contract with Crittenden might be set aside, on the grounds that the representation as to the sufficiency of the entry was false. The defendants having failed to answer, the bill was taken far confessed, and the prayer of it decreed. To reverse which the defendants have prosecuted this writ of error.
We are of opinion the decree of the circuit court is erroneous, and must be reversed for the fallowing reasons : 1st, The contract for the land was a joint one between the complainant and John Hawkins Craig ; the bonds that were executed for the consideration were likewise joint; John Hawkins Craig should therefore have been a party to the suit. 2dly, The bill does not contain sufficient equity to warrant the decree. For unless there are other claims covering the land, we cannot see how the complainant can be injured by the misrepresentation ; he can hold it by virtue of the patent. There is nothing in the bill that forbids this idea. And 3dly, Had the complainant a right to a decree as to the administrator of Crittenden, he had unquestionably no right to enjoin the payment of the money, on the order he had procured for Kercheval ; whatever equity he might have had as to Crittenden, or his assignee, it was destroyed by virtue of the contract he made with Kercheval. Kercheval, for aught that appears to the contrary, obtained the order which had been given by «Brook tor a valuable consideration, without notice of Craig’s equity. The recognition of the justice of the demand by Craig, and the surrender of the order for a nr-" evidence of the debt, was a sufficient considera» non to bind the complainant.
Decree reversed, with costs, and bill to be dismiss-tf unless a motion is made to amend.